Fecteau, J.
This matter involves a claim by the plaintiffs that the defendants are encroaching upon their rights to exclusive and quiet enjoyment of a life estate granted to them by the original life tenant, as well as violating a restrictive covenant concerning the same land. The plaintiffs application for a preliminary injunction came on for hearing on October 7, 2002, and it was argued by counsel; thereupon, in consideration of the pleadings, affidavits and arguments of the parties in support of and in opposition to the entry of a preliminary injunction, the court makes the following findings of fact and rulings of law. In determining whether to grant a preliminary injunction, this court considers the balancing test set forth in Packaging Industries Group, Inc. v. Cheney, 380 Mass. 609, 616-17 (1980). See also Planned Parenthood League of Massachusetts Inc. v. Operation Rescue, 406 Mass. 701, 710 (1990).
I find that there is a likelihood that the moving party will be largely successful after a full hearing on the merits, with one exception discussed below.
By deed dated December 31, 1987, Helen Onufrock conveyed all right, title and interest in a ten-acre parcel, more or less, to the defendant, but reserving for herself a life estate in the structures then in existence thereon, namely a house, garage and gazebo, as well as a pool, together with the land surrounding all the structures in a 100 ft. radius. In addition, pursuant to the purchase and sale agreement, the defendant agreed to certain restrictions that he recorded in a covenant, to run with the land, concurrent with the life term. These restrictions included a duty upon the individual defendant (and those in privity with him, such as the realty trust) to keep the structures subject to the life estate insured and in good repair, that he was to pay real estate taxes, that he was to “provide all necessary maintenance and upkeep to the property and structures subject to the life estate to maintain their present condition (normal wear and tear excepted), including the removal of snow from the drive, and customary lawn mowing and care.” Moreover, he agreed that “there shall be no sub-division of the 465,928+/- square feet other than to allow the construction of one additional single family residence,” that “there shall be no business use made of the property” and “there shall be no storage of business vehicles on the property.”
On February 27, 1991, Helen Onufrock, having vacated the property and moved to Virginia, conveyed her life estate to the plaintiffs. Shortly thereafter, the defendant filed suit against the plaintiffs seeking a declaratory judgment and injunctive relief contesting the validity of the transfer of the life estate and to determine the status of the plaintiffs as he contended them to be trespassers with no rights in the property. That matter was determined by the court against the defendant herein, in effect declaring that the plaintiffs acquired all of the rights in the life estate.
The plaintiffs now complain that the defendants are: (a) constructing one residential structure on the locus in addition to his own that was constructed as a part of the original grant to Picardi or his designee, (b) that he is constructing another home on an adjoining parcel of land taking advantage of a septic system newly installed on the locus, which installation would be subject to the restrictive covenant against “business” use of the property, (c) that he has encroached on the 100 ft. perimeter by the installation of a septic system serving the residences of the parties and a frost wall, in the nature of a foundation for an addition to the original garage, (d) that he has not kept the structures and grounds maintained and in good repair, (e) that he has stored business equipment in the garage which is within the life estate of the plaintiffs.
The controversy between the parties is due, in part, to a narrow view of the restrictions taken by the defendant and a broad view by the plaintiffs. First, the defendant’s view of the restriction against “sub-division” is to limit its meaning to subdivisions that *344 require approval under the Subdivision Control Law, G.L.c. 41, §§81A-GG and, since such approval was not required to divide parcels having frontage on a public way (ANR lots, so-called), he distinguishes an “ANR” lot from one for which planning board approval is required. He therefore contends that he is not restricted from building residential structures on such a lot in addition to that he built for himself (the obvious purpose of the grant of permission to him to build one house). This court interprets the language of the clause in question as clearly and unmistakeably limiting the number of houses that he may build on the locus to one, that being his own present residence.
The plaintiffs’ view with respect to the restriction against business use of the properly is equally flawed, but due to overbreadth. They argue that to install a septic system on the locus to service a house on an adjacent parcel was to use the property for a “business” use, namely, the sale of homes. Such a reading is not reasonable. The intent was obviously to prohibit a business to be conducted on the property, such as retail establishments, or other commercial or industrial concerns and such a restriction does not and did not intend to prohibit the defendant’s use of the locus to install a septic system to service a house not on the locus, as such is not “business” use of the locus, even considering that the house being built on the Rosse lot is for resale. Therefore, I find that the plaintiffs have sustained their burden to demonstrate a reasonable likelihood of success on the merits as far as the defendant’s construction of a second residence on the locus being a violation of the restrictive covenant, but has not sustained their burden as to the construction of a home on the lot conveyed to the defendant(s) from Rosse, which is not subject to the restrictions.
With respect to the remaining violations, including the disruption to the 100 ft. buffer zone surrounding the structures that form the plaintiffs’ life estate, neither the home built and presently occupied by the defendant Picardi nor the septic system he installed to service it and that of the plaintiff are viewed as a violation of the restrictions. The “frost wall,” to the extent that it is within the 100 ft. zone, is a violation, and shall be discussed below in connection with the discussion of irreparable harm.
With respect to the violations alleged by the plaintiffs, with the exception of the construction of a second residential structure on the locus, failure to issue the preliminary injunction will not subject the moving party to a substantial risk of irreparable harm, i.e., loss of rights not capable of remediation by a final judgment in law or equity should the moving party prevail after a full hearing on the merits. The life by which the life estate and restrictive covenant is to be measured is that of Helen Onufrock, now age 95. The plaintiffs’ rights of occupancy terminate upon her death. The encroachments alleged, with the exception of the construction on “lot 2,” including the frost wall, are capable of remediation, which the defendants agree to perform and they shall be ordered to return the 100 ft. zone to the condition it was prior to the disruption. The frost wall may remain but shall be covered or hidden from view by landscaping.
The court finds that the granting of the preliminary injunction will not create a substantial risk of irreparable harm to the party opposing the issuance of the injunction. The defendants point to a disruption of their relationships with their contractors and subcontractors. Such is not the fabric from which irreparable harm is made.
There is a likelihood that the party opposing the issuance of the injunction will not be successful after a full hearing on the merits, with the exception of construction of a residential structure on the lot conveyed to the defendant(s) from Rosse.
The court concludes that the risk of irreparable harm to the moving parly, viewed in the light of that party’s chances of success on the merits of the case, with respect to continuation of the construction activity on lot 2 of the locus and the disruptions to the life estate outweighs the probable harm to the opposing parly, viewed in the light of that parly’s likelihood of prevailing on the merits of the case. However, given the defined term and the quantifiable valuation that can be performed with respect to the value of the plaintiffs’ rights in the life estate, I find that, in further balancing of the harms between the parties, with respect to the foundation installed on lot 2 of the locus, that it need not be removed. Whether the “rough framing” alluded to in the hearing should be removed, or whether the plaintiffs waived their rights with respect to this issue or committed laches, is an issue that is factually intense and dependent, with the court reserving leave to consider on an evidentiary basis.
Accordingly, based upon the foregoing findings of fact and rulings of law, the application for the entry of the preliminary injunction is ALLOWED with respect to any continuation of construction activity on lot 2 of the locus, and ALLOWED with respect to enforcement of the rights of the plaintiffs in the total and exclusive use and occupancy of the life estate and in the restrictive covenants, for the term of the life estate, including the exclusive use and occupancy of the garage. The defendants are ordered to remove their property from the garage.
The plaintiffs’ motion for a preliminary injunction is DENIED with respect to construction activity on “lot 3,” that conveyed from Rosse, and is DENIED with respect to the request to remove the foundation on lot 2 of the locus and the frost wall behind the garage but the defendants are ordered to restore the grounds contained within the life estate as closely to its prior appearance as is practicable and may make such landscaping additions to the area immediately surrounding the frost wall as may be necessary to shield it from view from the plaintiffs’ residence. The *345 plaintiffs’ motion for preliminary injunction is denied in all other respects, but without prejudice to further consideration of their request for removal of the “rough framing” on lot 2.
Under the circumstances of the instant case, no securiiy is required as a condition of the entry of the preliminary injunction.
ORDER FOR INJUNCTION
For the foregoing reasons, the defendants are enjoined and prohibited from any further construction activity with respect to a structure on lot 2 of the locus and are further enjoined and prohibited from violation of restrictions imposed upon them by the December 31, 1987 deed of Onufrock to Picardi, recorded in the Worcester District Registry of Deeds at Book 11048, at page 339, and by the restrictive covenants of August 18, 1988; the defendants are further enjoined from storage of property within the buildings and land which constitutes the life estate and are ordered to maintain the condition of the structures and grounds as when originally demised, including a restoration of the area in proximity to the foundation walls of the intended addition to the garage to a condition as close as is practicable to that prior to the installation of the foundation, including foundation landscaping to shield it from view from the plaintiffs’ residence.